BONIN, J.,
dissenting.
hi respectfully dissent. I would vacate the Commission’s decision and remand to the Commission for further proceedings.
The majority decides this appeal by upholding the Commission’s finding of fact, but the Commission’s error is one of law. Ms. East and Ms. Brown were found to have been properly terminated for misconduct based on the factual finding that their assertions were objectively incorrect or factually inaccurate; however, the proper analysis questions whether the employees’ allegations were reasonable, not whether the allegations ultimately prove to be true.
The Commission’s decision is subject to appellate review on any question of law or fact. La. Const, art. X, § 12(B). To accommodate the varying levels of deference granted to the Commission’s decisions regarding law and fact, the review function of an appellate court must be multifaceted. “In reviewing the commission’s procedural decisions and interpretations of law the court performs its traditional plenary functions of insuring procedural rectitude and reviewing questions of law. ” Walters v. Dep’t of Police of City of New Orleans, 454 So.2d 106, 113 (La.1984) (emphasis added). “Due concern both for the intention of the constitution and for the boundaries between the functions of the commission and of the court, however, demands that a reviewing court exercise other aspects of its |2review function with more circumspection.” Id. at 113-114. “In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous.” Id. at 114.
*930 I agree that we should defer to the Commission’s findings of fact. There is no factual question that the two probationary-employees were terminated because of the content of their intra-office memorandum in which they declared that the recently appointed Inspector General, Mr. Quatre-vaux, denied them access to a meeting with a representative of the Legislative Auditor’s office. And the employees’ memorandum clearly suggests that Mr. Quatrevaux was engaging in a cover-up of their earlier reported, but unpublished, findings concerning the transition from the first inspector general to his interim replacement, who was one of Mr. Quatre-vaux’s predecessors. But the Commission also found as a fact that “The Appellants were under the impression that the purpose of the meeting was for the Legislative Auditor, Dan Daigle, to meet with them and Mr. Odom to gather additional information.” Clearly the reasonableness of their belief in the accusation is in play.
But the Inspector General, as the appointing authority, the Commission’s hearing officer, the Commission itself, and now the majority focus on whether the employees’ accusation was objectively true and, concluding that it was not, determined that the employees were fired for cause. The test in this case, however, is not whether Mr. Quatrevaux actually engaged in “conduct prohibited by law or regulation” but whether the employee “reasonably believes” that Mr. Quatrevaux engaged in such prohibited conduct. See Rule II, § 10.1 of the Rules of the Civil Service Commission of the City of New Orleans. Nowhere in its decision does the Commission address or make a finding regarding the reasonableness of these employees’ belief that Mr. Quatrevaux was engaged in prohibited conduct. Thus, the Commission used the incorrect legal standard by | ^basing its decision on the factual accuracy of Ms. East and Ms. Brown’s allegation instead of the reasonableness of their allegation. Accordingly, the Commission’s decision, which does not answer the correct legal question, is not entitled to our deference. See Walters, at 113. The Commission acts arbitrarily, capriciously and without probable cause when its decision is not based on legal cause. Walters, at 114.
Unless and until the Commission determines the “reasonableness” of the employees’ belief, these employees cannot be subjected to discipline for reporting Mr. Quatrevaux’s actions. Section 10.1 wisely does not require absolute truth or factual accuracy of an allegation to protect an employee in the civil service of the City of New Orleans from retaliation through discipline or discriminatory treatment, and I will not dwell on the irony of the Inspector General’s not insisting on protecting employees who have acted on reasonable belief in reporting perceived misconduct.
I, therefore, would vacate the decision which did not apply the controlling law and remand for a factual determination of whether the employees’ belief in their accusation was a “reasonable” one. Accordingly, I dissent.